The next case today, number 242087, United States v. Dimitri McKenzie. Will counsel for the appellant please come up and introduce yourself on the record to begin. Good morning, your honors. May it please the court. My name is Jeremiah Newhall and I appear today on behalf of Dimitri McKenzie. With the court's permission, I'd like to reserve two minutes for rebuttal. You may. Both parties have raised many issues in this case. It's a complex case that went to trial. But with the time I have today, I intend to focus on the issue about the recklessness, instruction, until my yellow light goes on, and then I'll shift if I can to the sentencing issue because I think those two are paramount. But we're certainly not waiving the other issues. We'll just rest our brief unless there are questions on those two. I think that the area of disagreement between Mr. McKenzie and the government can be narrowed down to a very specific area when we look at page 19 of the government's brief. Because on that page, and I'm just going to quote the government here, where they agree that, quote, a violation of 1591A1, which is a statute at issue, would be a, quote, legal impossibility, end quote, if the defendant genuinely believed the person with whom he was going to have sex was an adult, end quote. So I think we're in agreement on that point. But where we disagree is then whether the court's instruction was consistent with that principle. And I don't believe it was. And I don't believe that position is consistent with what the government argued in the district court. So if the court looks at page 28 of our brief, we have a block quote of an exchange between the court and the government. Which page was that of your brief? Page 28 of the appellant's brief. And it's citing to the appendix at pages 387 to 88, where the court is challenging the government on its request for recklessness instruction, saying, well, it's a specific intent crime, he's got to intend that. And the prosecutor responds, or recklessly disregarded the age of the person. And I note that in this exchange, the prosecutor keeps referring to the person. But we're dealing with the adult. Because there's no dispute that the only person with whom Mr. McKenzie sought to solicit sex was in fact an adult, although he was told she was 14. The court responded by saying, recklessly discarded the age of the person. Let's say he is seeking sex with an adult on this record. If he is, he is not guilty. And I think that's the statement the government makes on page 19 of its brief, that if he is, he's not guilty. The government said, do you agree? What's in his mind? And the prosecutor responded, not if he was recklessly disregarding what he was told about the age of the person. And, again, the prosecutor refers to the person, but should refer to the adult. So it's the gap that he could have recklessly disregarded it while genuinely believing the person was an adult. Is that the idea? I think that's the idea. I think also it's not our burden to prove he believed she was an adult. It's the government's burden to prove he believed she was a minor. He has to believe that or else. Well, there's a gap between him genuinely believing something and him genuinely believing the opposite. That's right. And we not knowing what he believed.  So are you saying that the instruction failed to rule out the possibility that at the time he was acting with reckless disregard, he genuinely believed the person was an adult? In other words, the problem with the instruction is that it did not rule out the possibility that even though he was acting with reckless disregard, he still genuinely believed the person was an adult. Yes, and we win the gap because this is not an affirmative defense. If the government fails to prove he believed she was a minor, we win. If there's just he didn't have a belief, we win. If he believed she was an adult, we win. If we don't know what he believed, we win. It's an element of the offense that he believed she was a minor, and there we go to the instruction. So are you arguing insufficiency or an erroneous instruction? So we've raised both Judge Kayyada, and here's why. Because there are two ways to prove the offense. One is to prove that the person was a minor, and if you do that, you have to prove the attendant mens rea. It helps me to illustrate this way with my hands. The other is to prove that he believed she was a minor. And belief is both fact and mens rea in one. There's no mens rea column that goes with belief. Belief is a mens rea. Those are the only two ways to prove the offense. If the government wants a recklessness instruction, recklessness only applies when they're proving there was a minor. So we have no issue with if the government is saying that we're going to prove that there was a minor and he was reckless in believing that the minor was an adult. Well, that's a sufficiency argument, not a jury instruction argument. But if the government is saying, no, we get to prove that he recklessly believed she was an adult, that's a jury instruction argument because that's not the correct standard of law. Let me ask you about that. Let's assume for purposes of argument that there should not have been a recklessness charge. Don't you still need to prevail? We need to find that that wasn't harmless. Yes. And isn't the evidence here pretty overwhelming that your client was convinced and completely believed that this was a minor who he was going to find in that hotel room? No, Judge Kayyada, it's not. And here's why it's not overwhelming. If I could, before getting into those examples so that I don't forget, direct you to the instruction and this also will help to explain why I think it's not harmless. On page 24 of our brief, page 10 of the government brief, page 14 of our reply, we quote the instruction and we all emphasize the same portion, which is that, and then the second point is he, Mr. McKenzie, has got to know or at least genuinely believe that the person who's being offered for the commercial sex act is a minor under the age of 18 years or he was acting in reckless disregard. He didn't care whether the person was or was not. And that is the reason that there's error here because the jury was told either he had to believe it or he had to be reckless about it. And reckless is when you have an innocent state of mind about a culpable fact. And what's the evidence here that would support a finding that your client had an innocent state of mind? Sure. So then we go to the trial record in which we have in particular that Mr. McKenzie testified and he testified that once he saw the photograph, he did not believe that this was a minor. There are reasons to think that he could have drawn that conclusion. The person in the photograph had tattoos. The person in the photograph had piercings. Then the FBI agent was questioned, or I think it was Homeland Security agent, excuse me, the government agent was questioned about whether a minor could do those things. And I think the answer was only with parental permission on one and then only with parental permission in Colorado on the other. The government agent wasn't sure what the law was here. And so those were reasons that he could have come to that conclusion and also the fact that Exhibit 9, which is the person he was told he was going to meet, was an adult. It depicted an adult. So it's reasonable to believe his testimony that once he saw the picture, he did believe this was an adult. And that testimony was important to the jury. The jury here deliberated from Thursday to the end of Friday, and they asked for a number of things. They asked a number of questions during that time, including asking to read the defendant's testimony again. And after reading the defendant's testimony again, the jury came back deadlocked. This court shouldn't make its own judgment about the facts based only on the transcript. The jury saw and heard Mr. McKenzie. The jury struggled with this point. So I think it's very relevant that the jury was instructed that even if you believe him that he thought this was an adult, if he was reckless, and this is what the government argued for. Can I ask you, suppose in a case the defendant testifies and the question is, did you believe the person was an adult or a minor? And the defendant testifies, I had no belief either way. Would a recklessness instruction then be permissible? It depends on one fact, which I think Your Honor didn't specify, whether, in fact, there was a minor. It was not a minor. No. Acquittal is required if that testimony is believed. Even in an attempt case? Especially in an attempt case. Because the gap that I'm seeing, maybe I'm misunderstanding what you're saying, is your premise seems to be that he believed the person was an adult, right? So, no, my premise is that the government has to prove he believed it was a minor. And that's why I'm not quite following the second piece, where you're getting that from. Sure. Rather than it being impermissible to convict in a case in which the defendant believed the person to be an adult. Because the government could prove that he believed it was a minor, the person was a minor. The defendant could overwhelmingly demonstrate, I believed it was an adult, the person was an adult. But we also could have a situation in which the person had no belief one way or the other. I totally understand that question. Where do you get the idea that the government, for the recklessness vein of attempt, has to prove that the person believed that the person was a minor? From the model penal code and from this Court's cases on attempt, very briefly, and then I hope I can speak briefly about sentencing because it is so important to Mr. McKenzie. When proving attempt, there's only two ways to do it. And I think the easiest way to show that is to look at strict liability. And we talk about that in our reply brief and the Ninth Circuit case on proof of strict liability with a sex offense. There are sex offenses that have strict liability where it doesn't matter if you knew or not or what you believed. You can prove either the person was a minor or you can prove that they believed there was a minor if there was, in fact, no minor. And that's the only way to do it. There's no third way of saying, well, you were reckless in believing the adult was an adult or that we don't know whether you believed they were a minor. If you don't know if they believed they were a minor and they were an adult, then you haven't proved their guilt. That's what I'm saying. Where are you getting the requirement that the government, when it's proceeding on attempt and recklessness, has to also prove as an element that the person believed that the person with whom the person was, I guess on your view, believed the person was a minor? You're saying the government has to prove? Right. Because there's only two ways to prove the crime. You prove the person was a minor, and then if there's a mens rea, you have to prove the attendant mens rea. But let's make it strict liability. You've just proved they're a minor. You've proved the offense, if all the facts, or you have to prove they believe they're a minor. If you don't prove either of those things, then they're not guilty of attempt because when we look at the model penal code and we look at the cases on strict liability crimes for sex offenses, it's very clear that you have to prove either the person was a minor or the defendant believed they were a minor. And in the 30 seconds I have left, if I could talk about sentencing as important as the recklessness instruction is, I do want to reach that. What language were you just referring to? I'm sorry? What language were you specifically referring to? Sure. So in our reply brief on page 5, we cite the model penal code which this court cited in United States v. Doyon, and there are essentially three tests for definition of attempt. First, whether they engage in conduct that would constitute the crime if the attendant's circumstances were as he believes them to be. Or second, if causing a particular result is an element of the crime, does or omits to do anything with the purpose of or with the belief that it will cause the result, or if he purposely does or omits to do anything under the circumstances as he believes them to be. And then we are also citing specifically, and this is – I get all of that, and just so I'm backing up then, if we translate that here, since one of the ways you can commit the offense is by reckless disregard of the age of the person. That's the completed offense, right? Right, if they're a minor. Correct. And now if I want to attempt that offense, don't I just have to believe I was doing it with reckless disregard? No, and let me explain why, if I may. I know my red light is on, but this is so important. When we have over here a fact that exists, then we have several mens rea. We have knowing, we have recklessness, negligence, and then below that we have strict liability. Recklessness is when you have an incident, you believe they're an adult, but you should have known the fact that they're a minor. And the government uses the example of an FBI agent that comes from an article in the model penal code. We discuss that in reporting. You don't have to believe they're an adult. You just don't have a belief either way. Right, then you're not guilty, right? But you earlier said if it didn't matter to him, he was also guilty. No, I think I said if it didn't matter to him, we also win. We win the gap because there is no minor, because they either have to prove – And again, think of it this way. If we're under strict liability and recklessness doesn't apply, recklessness is an additional hurdle for the government to clear. Actually, why do you say that it matters whether there's a minor, there's factually a minor or not? Sure, because we have no problem saying that. If there is a minor and you attempt to have sex with a minor but don't, right, that's attempt if you were reckless about the minor's age. That's when recklessness would apply. And the evidence is insufficient to prove that offense because the jury was told the person was an adult. That was the only testimony, that the person was an adult by everyone. But if the person's not a minor, then the only alternative that we have to prove it is to prove the belief the person is a minor. No, but why do you say that? Well, because that's the law of attempt and because when we look at United States v. Henry, for example, or United States v. Skinner, if the person is not a minor, conviction requires proof the defendant believed the person was a minor. And then if we look at, and these are all on page 12 of Article 5. Those were not proceeding on the reckless theory, right? Right, and so that's why I come back to recklessness is an additional hurdle to clear. It's not a third way to prove the offense, and here's why. So recklessness applies when a fact is true, the person is a minor. You believe that it's not, but you should have known. It does not apply when the fact is not true. The example of injuring a minor. We've asked you a couple of times why you say that that matters, and Chief Judge Barron said why couldn't his belief have been that he didn't care or he was reckless as to it. Those are the attendant circumstances that he believed. Right, so if he's reckless about attendant circumstances that don't exist, he's innocent. Because, for example, if I... But why? Because the mens rea is exactly the same in both situations. Well, if... You're saying if instead of a sting operation this had been a child at the other end of the computer line, then recklessness would be enough. Yes. But the whole idea of a sting operation is that you set it up so it looks like that, and that's how you catch the people who are willing and are trying to do it. That's right, and so we use several examples of sting operations throughout, and the exception that's been made for sting operations in adopting the model penal code and the law of attempt is, well, for example, purchasing stolen goods. If you believe they're stolen and they are stolen, you're guilty. If you believe they're not stolen but they are stolen and you should have known, that's recklessness. You're guilty. If you believe they're not stolen and they're not stolen, you're innocent. It's as simple as that. We have this other situation where they're not stolen but you believe they are. Can I just give an example that will help me? Sure. It's far afield from this case, so I don't mean to... I'm only doing it for the analytic purpose. But if we had a statute that it is a crime to kill a deer either intentionally or with reckless disregard, are you saying that in that instance if I attempt to kill a deer, intending that what I'm attempting will be to kill a deer, I assume you say that's still a crime if it's a fake deer. That's right. Right? Okay. And now if it's a fake deer and I intend to kill it, totally disregarding whether it's a deer or not, you're saying unless it's a real deer, it's not a crime? That's what I'm saying. And where do you get that from? I don't see any authority for the idea that when the mens rea for the actual offense is recklessness, so long as I'm attempting to commit the crime recklessly, no differently than if I'm intending to commit the crime with the intent to carry it out, knowing that what I'm going to be doing is killing the deer, there's any difference that turns on whether it was a deer or not. But I think your honor is conflating where you're saying I'm intending to commit the crime. The crime is shooting a deer. It's not shooting a dummy staged to look like a deer. That's why in the intent example I can still be guilty of attempt even though it's a fake deer. If you believe it's a deer. Let me just attempt to answer your question using your example. And this is an example we cite in the brief as well. So common law before the model penal code, if I shot at a fake deer, then I was not guilty of attempting to shoot a deer because it was a fake deer. And so then we have the model penal code adopting if I believed it was a deer when I shot at it, that's an attempt to shoot it. That's because we now know you had the intent to kill a deer. That's right. Now if they just say the mens rea for the offense is reckless disregard of whether it's a deer, when I attempt it, I attempted to do it with reckless disregard, what's the it? And you're saying the it has to be still killing a deer. So in both cases I have to believe it's a deer. Yes, because the government can't say, well, our deer decoy is really good. So even though you didn't think it was a deer, you should have and you were reckless. That doesn't apply. And I think the reason I keep going back to strict liability is it's supposed to be easier for the government to prove that than recklessness. But if we have strict liability for shooting the deer, then you can't say, oh, you recklessly shot at the deer. That doesn't apply, right? You either had the intent to shoot a deer or you didn't. And if you didn't intend to shoot a deer, you just intended to shoot a thing, then you're guilty of reckless conduct, right? That's a completed offense. But you're not guilty of attempting to shoot a deer because that's not what you had in your mind. Thank you. And my red light is on. Thank you, Your Honors. Thank you, counsel. Will attorney for the appellee please come up and introduce herself on the record to begin? Good morning. May it please the Court. Karen Eisenstadt for the government. I'd like to just step back for a second because I think the government and the defendant are talking past each other a little bit. So the question here is statutory interpretation and whether the word attempt in 1594 would encompass the reckless disregard mens rea. And here the text, legislative history, context of 1594 and 1591 all indicate that it would. So 1594 says an attempt to violate 1591 is a crime, no exceptions. Then with respect to the attendant circumstance of the person's minority, 1591 gives a mens rea of knowledge or reckless disregard. So if we are applying the mens rea definition from the model penal code for attempt, which the defendant has not challenged, then that is the level of culpability required for the attempt crime too. You just borrow the level of culpability from the completed crime. We also know here that Congress knew how to make exceptions from the reckless disregard mens rea because it did that for advertising. That's in the 1591 statute. And it didn't do that for attempts. That's true even though in 2015 we know Congress — Am I just missing something? I don't think you necessarily are talking past each other. But I think if I understood the defendant right, defense counsel right, they're not disagreeing with anything you just said other than the proper way to construe the attempt element is that it incorporates the idea whether it's intent, reckless disregard, or any other mens rea, that in all those instances you believe the person was a minor. Right. And why do you say that's wrong? So what he is discussing is the idea of pure legal impossibility. So if I believe she's an adult, then what I'm trying to do isn't this crime. So that would be a pure legal impossibility situation. When you look at the model penal code, and I think the Weschler article at 597 discusses this, the way the model penal code deals with legal impossibility is in the substantial step language. So the circumstances as he believed them to be would constitute a substantial step toward commission of this crime. So that's covered there. He's making a jury instruction claim, but the court actually said that to the jury. That was included in the instructions that if the circumstances as he believed them to be would not be a substantial step toward commission of this specific crime, which is sex trafficking of a minor, then he wouldn't be guilty because there would be no substantial step. That's covered. He's trying to suggest that somehow the mens rea of reckless disregard that was in the instruction confuses that, but they're just completely separate elements. The government has to prove substantial step. It also has to prove mens rea. So are you agreeing that if he had the belief that the person was not a minor, if he believed the person was an adult, and let's say there was just incontrovertible proof that was the case, there was nothing to say otherwise, that he could not be convicted of attempt? Right. He could not be convicted of an attempt to violate 1591 because the thing that he was trying to do is not a violation of 1591. So that is legal impossibility. So all you're fighting about then is, from your perspective, is whether we should be looking to this instruction to figure out whether the jury was correctly apprised of this shared notion that if he had the belief it was an adult, he couldn't be guilty. Well, I think the defendant's conflating those two things. So he objected below to the inclusion of the reckless disregard mens rea. He didn't make any objections about the substantial step instruction, the circumstances as he believed them to be language. That is sort of the way the monoponical deals with the issue he's talking about. So here the issue is, I think, what Your Honor mentioned, which is like, well, what do we do if it's not this subjective belief or that subjective belief? He didn't really have one, but he doesn't care. He's aware of a substantial and unjustifiable risk that breeds a child. He chooses to consciously disregard that. He's going forward. He doesn't care if she's a child. In that case, is she guilty? And the government's position is yes, and that is what the instruction said. And the instruction was correct to say that. But is that true even in the case, I know that's true in the case where the person is a minor, and you're saying that's also true even in the case where the person is not a minor? Correct. Correct. So that's his second claim. And then how does that fit with the substantial step instruction? So the substantial step instruction. to accomplish all that in the – it's not quite followed. Do you see what I'm – Yes. Okay. So negotiating sex with a 14-year-old, driving there, stopping at the ATM to get the money, meeting the agent, picking up the room key, where the circumstances, as the defendant believed them to be, is that there's a substantial risk that she's a child, that is a substantial step towards committing this crime. Did the instruction make clear that the belief he had to have when he was taking that step was that the person was a child? The instruction made clear that the belief he needed to have, the circumstances as he believed them to be, was not that she was an adult. I mean, so the issue here is if he believes she's a child, he's guilty. No one disagrees. If he believes she's an adult, genuinely, he's not guilty. The government doesn't contest that. That's what the language in the substantial step instruction was meant to capture, and that was given. The issue here is what about if he did not have that – you know, the jury were to find we don't think he was sure, he didn't have a subjective belief, but he had reckless disregard, so he has the awareness as a substantial, unjustifiable risk, et cetera. Then he's guilty because that's acting with reckless disregard, and under the circumstances as he believed them to be, which was the substantial risk she's a child, that is a substantial step toward committing this crime. So it doesn't run afoul of either instruction. So let me ask you this. Person 1 walks into a bar, sees Person 2. Person 2 looks to be somewhere between 16 and 20 in age. Hard to tell. He doesn't care. Tells his buddy he doesn't care. Goes up, propositions Person 2 they have sex. Turns out Person 2 is 20 years old. Is he guilty of attempting to have sex with a minor? I'd say no for a couple reasons. Based on a reckless disregard, it seems under this instruction, he probably would be guilty. So there's a different issue. He's just arguing that reckless disregard just cannot be included in 1594 attempts. He didn't object to the language of the instruction. The government acknowledges it's not the most fulsome description of what reckless disregard is. Why is my example that the person would be innocent? So two things. I think, one, it would have to be a proposition for commercial sex, so assuming that. And then, second, I think he's downplaying how high of a level of mens rea reckless disregard is. I mean, we're saying he needs to have an awareness of a substantial and unjustifiable risk that she's a child. It's not just negligence. I mean, this is like there's red flags that there's a child. Suppose person two actually really looked like she's 16 and the person one announces, I don't care, may well be, I don't care. Then is person one guilty, even though person two turned out to be 20? I think there'd probably need to be more than that to reach the reckless disregard standard. I mean, if she said she looked 16, she said, I'm 16, then I think we'd be there. All you're saying is factually I need a bit more to make it reckless. Yes. But if it were reckless, then he'd be guilty, person one. Yes. That could be charged then as the attempt to crime. I don't know that the government would ever charge that as an attempt to crime. That's no great solace, is it? Can I just understand, if I'm following, the substantial step thing then drops out because what you're saying is the substantial step has to be taken with the right set of thoughts. But those set of thoughts are just the set of thoughts of the mens rea plus a couple of steps, right? But the only thing that's adding in there is having the idea of being reckless and then taking some steps towards that action, right? I disagree. So as I understand substantial step in this language, the issue is just to encapsulate the narrow issue of pure legal impossibility. So the thing he's actively trying to do and thinks he's doing, like a subjective genuine belief, is not this crime. So that is different. So the language there, circumstances as he believes them to be, I think as Your Honor was discussing this with counsel, there's a difference between saying the circumstances as he believes them to be have to be that she's a minor. I understand. But the reason that the gap, when we don't know what his belief was, favors you in your view is because of the reckless disregard mens rea, right? Correct. Yeah. Correct. So substantial step has nothing to do with that. No, this is just responding to what we think is the red herring argument he's making about legal impossibility. Separate from that, no, that's not an issue. Well, I think what he's trying to say, unless I'm missing it, is that the statute has to be read to encompass that he has the belief it's a minor in order for it to be legal to convict him of reckless disregard and attempt. We're just saying that's wrong. Yes, that's correct. We're just saying that's wrong. There's no legal basis. But the substantial step doesn't help us figure out whether that's wrong. Oh, no. That's only responding to the argument we think is not really at issue here. I guess I'm just looking for something that would help me figure out who's right. Okay. So going back to that issue, as I was saying before, if you're looking at this as a statutory interpretation issue, right, there's a word attempt in 1594. What does that mean? We know, as I said before, Congress knows how to make exceptions from reckless disregard. We know from legislative history that Congress specifically thought about this very situation, sting operations against buyers, and it thought about that in conjunction or at the same time it was thinking about the reckless disregard mens rea, and it did not make an exception for that, though it did make an exception for advertising. We know that this statute — When you say the exception, that means getting rid of reckless disregard altogether, right? He's trying to say it applies to completed crime, but then there's a sub silentio carve-out in 1594 that, like, for attempts, no, we don't use reckless disregard. So the idea would be that Congress put both. No, he's not saying that, if I'm following what he's saying. What he's saying is that for the completed crime, does the person have to be a minor in the government's view under the reckless disregard? Yes, yes, yes, the person has to be a minor.  So he says that being so, for the attempted crime, there then has to be a belief that it's a minor. In Judge Kayada's example, that's the same. We just keep going back around and around as to whether. That's not an argument that reckless disregard drops out. You can still have the reckless disregard mens rea, but in order for it to be fulfilled for the attempt crime, he has to believe at the time he's acting with that mens rea rather than an intentional one. Right. That the person is a minor. You're saying that's wrong. Yes. An exception that drops out reckless disregard altogether doesn't tell us whether that's wrong or right. Right. So I think this is. So what would it tell us? Apologies if I'm not saying it clearly. I think the issue here is Congress put two mens reas in for the completed crime, knowledge or reckless disregard. When we're looking at 1594 attempts, which is what's charged here, do both of them carry over or just knowledge? And he's saying it's just knowledge. And in the government's view, unless you're going back to the old common law view of attempts as just always requiring you to sort of consciously want to commit this particular crime, so a specific intent as to everything, unless you're embracing that, there's just no basis for it. It's not in the text. The legislative history doesn't support it. And, you know, there are cases where the court has dealt with statutes that have no mens rea. He mentioned strict liability. But that's a completely different situation. Here there is a mens rea. It's knowledge or reckless disregard. So we're not dealing with that. Help me with the text. The definition of intent. How do you suggest we read that such that the belief that the person was not a minor would not be exculpatory? So the government's view is that essentially it tracks what the model penal code rationale would be. I'm looking at the language of the statute. So the language of 1594 merely says attempts to violate 1591 are crimes. It doesn't say anything else specific. Okay. We'll go to the model penal code then. Right. So under the model penal code, there's two different, well, several different things going on. One is that you need to act purposively in terms of, you know, the substantial step. That has to be purposive or specific intent. Then it says as to attendant circumstances of the crime, like are you an FBI agent or something like that, you need to act with the level of culpability stated in the completed crime, not more than that. So that is a departure from the old common law standard, which I think they would say routinely that it needs to be more for the attempt crime we don't just borrow. So it says that's what we borrow, right, just like the FBI agent example. If that can be reckless, then the attempt can be reckless. And then he raises this issue of legal impossibility, and the government points out that that's dealt with in substantial steps. So that just has nothing to do with what we're arguing about here. When your opponent was quoting the model penal code, he kept saying, he kept quoting language that had this belief word in it. Yes, that's from the substantial step instruction. So on page five of the reply brief, the definition of attempt. A person is guilty of an attempt to commit a crime if acting with the kind of culpability otherwise required for the crime, which is what the government is resting its mens rea interpretation on. He, and then this would be option C is what happened here, purposely does or omits to do anything that under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct that's planned to culminate in the commission of the crime. So essentially, when you look at the model penal code, pure legal impossibility, so the idea that he actually subjectively believes she's an adult, is dealt with in the part under C. But there's no instructional error in that regard because the court gave that instruction. And then it's a completely separate issue, the mens rea, which is dealt with in the overarching language that you're guilty of an attempt if acting with the kind of culpability otherwise required for commission of the crimes, for attendance circumstances. Do you agree under C the government needs to prove that he believes the circumstances to be that it's a minor? No. Then go back to that language. Under the circumstances as he believes them to be, it is an act constituting a substantial step. How could something be a substantial step in the course of committing the crime if he thinks he's dealing with an adult? No. If he thinks he's dealing with an adult, it's not. But it would be a substantial step if the circumstances as he believed them to be, is that there is a substantial risk this person's a child and he's going for it. Then that is a substantial step towards committing this particular crime. That, I think, is the gap that the government thinks reckless disregard can fit into, which is why the courts, having given both instructions, didn't err. The circumstances that he believes them to be are, I don't know whether this is a child. I know there's a big risk that it is. I don't care. I'm going ahead with it anyway. Correct. Even though taking that same action as the completed crime is not a crime if the person's an adult. Right. Like it couldn't be completed if the person's an adult. So there never would be such a completed crime. Correct. Thank you. Thank you. Thank you, Counsel. Will Attorney for Appellant please come up and reintroduce yourself on the record? You have a two-minute rebuttal. Thank you. Jeremiah Newhall again for Mr. McKenzie. I think the last point that the government said was important because it conceded that it would never be the completed offense. You can't have a substantial step toward completing the offense if, even if circumstances are as you believe them, you wouldn't be completing the offense. Is that factual impossibility or legal impossibility in this context? So it's legal impossibility because unless you believe the person's a minor or unless they are a minor, you're not attempting to commit a crime. It has to be one of those two things. And we can use the same for the FBI agent or the stolen property or anything else. If I injure someone and I don't care whether they're an FBI agent and I don't know if they're an FBI agent and they're not an FBI agent, I didn't attempt to injure an FBI agent. So he believes his friend is going to have sex and wants to borrow his apartment to have sex with someone who is probably but not certainly sure looks like it, but I'm going to bind my eyes to it, a minor. You would say that's not him taking a – and he says, yes, here are the keys to my apartment. You're saying that as the circumstances as he believes them to be, under those circumstances, i.e., there's a darn good chance it's a minor, but he's not sure, that would not be an attempt to crime. If he's not sure, if he doesn't believe it, that's what the government has proved. They can also prove that as a minor. Because you're saying that just can't be a substantial step toward completing the crime because the crime just couldn't have been completed in those circumstances as he believed them to be. That's right, and that's U.S. v. Wolf 796 F3rd 972. And then very briefly in 20 seconds on this. The substantial step isn't in completing the crime. It's a substantial step in a course of conduct planned to culminate in the commission of a crime. You can plan to culminate in the commission of a crime without actually committing it. That's true, but it has to be a substantial step in a course of conduct that would at some point complete the offense. It could never complete the offense unless either there is a minor or you believe there's a minor, unless it is an FBI agent or you believe that it's FBI agent, unless they are stolen goods or you believe they're stolen goods. And so it's the last part. It wouldn't culminate in his commission of the crime. That's correct. Because the crime just never can happen. This is maybe a separate point, but given how seemingly on point this text is, is there some reason why the fight was over the reckless disregard instruction? Well, because, Your Honor, the instruction says, and let me go to… Because if I'm following you, there's nothing wrong with the reckless disregard instruction so long as the instruction as to this aspect of intent is correct. So long as the instruction is that he has to believe it's a minor. Yeah, but you wouldn't need that in the reckless disregard instruction. Let me explain why I think that's a problem. So was there another part of the instruction that dealt with the substantial step? So there is. And does the substantial step language just track this, that instruction? So here's the problem. It's on page 13 and 14 of our reply. We quote the government's brief, which quotes the substantial step instruction, which says, Under the circumstances as he believed them to be amounted to a substantial step to the commission of the crime. And the reason we say that doesn't cure anything is because of how the court defined the crime. And that's at the beginning, begins at the bottom of page 13 and finishes on page 14, where the court defines the crime as he either had to genuinely believe the person who's being offered for commercial sex act is a minor edge of 18 years, or he was acting in disregard. He didn't care where the person was or was not. That instruction allows the jury to convict if they believe that he thinks it was an adult, but they believe he was reckless in that belief, then even though it's an adult, they can convict him. In the course of the fight over the reckless disregard instruction, was anybody's attention brought to this portion of the substantial step instruction? So this portion that I just quoted is not part of the substantial step instruction. This is the reckless disregard instruction to which we objected. And the reason that we didn't, we think substantial step is correct, but it doesn't cure this part because this part defines the crime as either he believed it or he should have believed it even though it wasn't true. That's what we're objecting to. I know my red light is on. I'm way over time. I would ask the court to please look carefully at the sentencing issue as well. But, Justin, before you sit down, we've gone so far, I hate to now lose the thread. Maybe I'm just not grasping it. If all this is talking about is his mens rea and the substantial step instruction just tracks the language of the attempt definition, that, you say, makes it clear he couldn't have been convicted if he had the correct belief. If the substantial step instruction were the only instruction, that would be fine. We don't object to substantial step instruction. That's on page 13 of our brief. But once it's there, then how can the reckless disregard instruction be a problem? Let me see if I can explain it another way. The reason we think it's a problem is because the court defined the offense, what he had to believe as either he had to believe the person was a minor. This is at the top of page 14 of the reply. It's also in each of the other briefs. Or that he was reckless in not believing that the person was a minor. I see. So you're saying basically the recklessness instruction undermined the substantial step instruction. That's correct. And was that made clear to the district court that that's what you were saying? I believe we did make it clear to the district court that that's what we were saying. We repeatedly objected to it. I think the district court's colloquy at page, I believe it's 28 of our brief, with the prosecution made clear that it understood that problem. Okay. Thank you. Thank you, Your Honor. Thank you, counsel. That concludes arguments in this case.